UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                                        MEMORANDUM OPINION
                                                         AND ORDER
                                                     Crim. No. 18-280 (01) (MJD)

Charles Edward Huller III,

    Defendant.
_____

    Thomas M. Hollenhorst, Assistant United States Attorney, Counsel for Plaintiff.

    Defendant is *pro se*.
_____

This matter is before the Court on Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. No. 113.]

## I.   Background

On January 17, 2019 Defendant pleaded guilty to Count 1 of the Indictment which charged Conspiracy to Distribute 500 Grams or More of a Mixture and Substance containing a Detectable Amount of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846.  On June 12, 2019, Defendant was sentenced to term of imprisonment of 120 months – the statutory mandatory

minimum sentence. He is currently serving his sentence at Otisville FCI and his projected release date is December 7, 2027.

## II.     Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The applicable policy statement with respect to motions to reduce sentence is set forth in U.S.S.G. Section 1B1.13,[1] which provides when deciding a motion

---

[1] At this time, U.S.S.G. Policy Statement § 1B1.13 only refers to motions for release brought by the BOP under 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not had the opportunity to amend § 1B1.13 to include motions brought by a defendant since the enactment of the First Step Act. Regardless, this Court as well as other courts in this District and elsewhere have construed § 1B1.13 to apply to motions brought by a defendant under § 3582(c)(1)(A). See e.g., United States v. Warren, 456 F. Supp.3d 1083, 1085-1086 (D. Minn. 2020) (finding that part of § 1B1.13 that states "Upon motion of the Director of the Bureau of Prisons" was superseded

for a sentence reduction under § 3582(c), the Court must determine whether extraordinary and compelling reasons exist to warrant such relief, whether the defendant is a danger to the safety of any other person or to the community and whether a sentence reduction is consistent with the policy statement. U.S.S.G. § 1B1.13. This policy statement also defines "extraordinary and compelling reasons" due to medical condition of the defendant as follows:

> (ii) The defendant is—
>
>   (I) suffering from a serious physical or medical condition,
>
>   (II) suffering from a serious functional or cognitive impairment, or
>
>   (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

Defendant has provided documentation that he submitted a request for a sentence reduction to the Warden, and that he received a response from the

---

by the First Step Act, and applying factors set forth in § 1B1.13 to motions brought by a defendant under § 3582 (c)(1)(A)).

Warden on May 18, 2021 denying his request. (Doc. No. 113-1 Ex. A.) Accordingly, the Court will proceed to the merits of Defendant's motion.

Defendant is 50 years old. His medical records indicate that in December 2020, he tested positive for COVID-19 and was asymptomatic. (Doc. 115-1 at 4.) His records further show that he has recovered. (Id. at 3.) Defendant is fully vaccinated against COVID-19 as of February 26, 2021. (Id. at 52-53.) His records further indicate Defendant had ACL reconstructive surgery in June 2020. (Id. at 55-58.)

Defendant asserts he is entitled to relief as he suffers from substance and alcoholic abuse problems and because he developed PTSD as a result of the harsh conditions of confinement during the pandemic. He claims he has been unable to obtain counseling as a result of the BOP's modified operations and limited availability of medical staff.

Based on the record before it, the Court finds that Defendant has failed to show "extraordinary and compelling reasons" due to medical conditions that warrants relief. The medical records submitted demonstrate that Defendant is receiving appropriate medical attention for all his stated medical conditions.

The Court further recognizes that the BOP has in place protocols such as social distancing, hygienic and cleaning protocols and quarantining and treatment of inmates with symptoms of COVID-19 and those who come into contact with them.  See www.bop.gov/coronavirus/index.jsp.  At this time, the facility at which Defendant is housed, Otisville FCI, reports there are no current active cases involving an inmate, 3 active cases involving staff, no deaths, and that 81 inmates and 41 staff have recovered.  Id.

The Court further finds that a sentence reduction in this case is not warranted as Defendant poses a danger to the community.  Defendant is currently serving a prison sentence for his conviction of conspiracy to distribute methamphetamine  Given his role in this offense conduct, which inevitably caused devastation to the community in which the drugs were sold, Defendant poses a danger to the community.  See United States v. Cantu, 935 F.2d 950, 952 (8th Cir. 1991) (recognizing that large scale drug trafficking is a serious danger to the community).

Defendant has also asserted the argument that he is entitled to relief because if he were sentenced today, he would be safety valve eligible and therefore not be subject to a mandatory minimum sentence.  This claim is

without merit as Defendant raised this issue at his sentencing, and the Court denied it at that time. To be eligible for safety valve relief, the Defendant must show that he does not have any of the following: "**(A)** more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines; **(B)** a prior 3-point offense, as determined under the sentencing guidelines; and **(C)** a prior 2-point violent offense, as determined under the sentencing guidelines." 18 U.S.C. § 3553(f)(1)(A)-(C). A reasonable reading of the plain language of § 3553(f)(1) is that the defendant must show that he did not do each of the items in the list: he did not have more than 4 criminal history points and he did not have a prior 3-point offense and he did not have a prior 2-point violent offense. "[T]he 'and' in 18 U.S.C. § 3553(f)(1)(A)–(C) is disjunctive" and part of "a negative list, none of which can exist if safety-valve relief is to be granted." United States v. Garcon, 997 F.3d 1301, 1306 (11th Cir. 2021); see also United States v. Dainty, Criminal File No. 20-156(3) (PJS/DTS) [Docket No. 251] (D. Minn. June 11, 2021). Because Defendant has a prior conviction from 2017 for possession of a controlled substance for which he was assigned three points, he is not safety valve eligible. (PSR ¶ 30.)

The Court also finds that a sentence reduction in this case would be contrary to the factors set forth in 18 U.S.C. § 3553(a) because a sentence reduction in this case would not reflect the seriousness of the offense of conviction, afford adequate deterrence to criminal conduct, promote respect for the law or provide a just punishment.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion For Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. No. 113] is **DENIED**.

Date:  September 14, 2021

s/Michael J. Davis
Michael J. Davis
United States District Court